# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ASHLEY M. BARNES,**

    **Plaintiff,**

    v.

**ST. FRANCIS COMMUNITY SERVICES and CHRIS DOLPH,**

    **Defendants.**

Case No. 16-CV-1281-EFM-GLR

## MEMORANDUM AND ORDER

Before the Court is Defendant St. Francis Community Services' Motion to Quash or Modify the Subpoena Issued to Verizon (ECF 44). Plaintiff filed a Notice of Intent to Issue Subpoena (ECF 42) on October 27, 2017. The notice indicated an intent to subpoena documents "related to and constituting the entire call, file and text message history" for the phone issued by St. Francis Community Services to Chris Dolph. In response, St. Francis filed the instant motion to quash. It indicates counsel conferred by e-mail, which it has attached as Exhibit 2 (ECF 44-3). D. Kan. Rule 37.2 requires "more than mailing or faxing a letter." It adds that "the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so." The Court finds nothing to show that the parties have adequately conferred as required. Accordingly, it denies the motion.

In determining whether the parties have "satisfied the conference requirements under Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, the Court reviews all of the surrounding circumstances."[1] Although communication via e-mail can be sufficient to satisfy this rule,[2] the

---

[1] *U.S. Fire Ins. Co. v. Burge N. Am., Inc.*, No. 05-2192-JWL-DJW, 2008 WL 2222022, at *4 (D. Kan. May 28, 2008).

single e-mail and single response attached to the motion appear to be the only communication counsel had on this issue. This Court has previously held that "[a] single e-mail and a single response by e-mail hardly meets the requirement to 'in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.'"[3]

The Court believes the parties might benefit from adequate conference on this issue. The briefing suggests there may be relevant information in Verizon's records. But it also suggests that St. Francis has a legitimate interest in protecting other clients against unnecessary disclosure of their confidential information. The parties should, in accordance with D. Kan. R. 37.2, adequately confer to reach a solution that will address these concerns and any avoid unnecessary disclosure of confidential information. Should the parties be unable to agree on a procedure that allows for production of items that may be relevant without requiring production of information that is irrelevant or should otherwise be protected, the Court can if necessary consider a further motion on this issue.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant St. Francis Community Services' Motion to Quash or Modify the Subpoena Issued to Verizon (ECF 44) is denied.

Dated February 15, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[2] *See id.* (where several e-mails were exchanged between the parties, "the various e-mails and letters exchanged between counsel for the parties demonstrated that the discovery disputes were discussed at length.").
[3] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, No. 05-2369-JWL-GLR, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).